STATE of Wisconsin, Plaintiff-Respondent,

v.

Marilee F. DEVRIES, Defendant-Appellant.†

Court of Appeals

*No. 2010AP429–CR. Submitted on briefs September 14, 2012.
—Decided October 24, 2012.*

2012 WI App 119

(Also reported in 824 N.W.2d 913.)

† Petition for Review Filed.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Matthew S. Pinix* of *Law Office of Matthew S. Pinix, LLC*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Jacob J. Wittwer*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Brown, C.J., Neubauer, P.J., and Gundrum, J.

¶ 1. GUNDRUM, J.   Marilee Devries appeals from her judgment of conviction for operating while intoxicated and orders denying her motions to suppress for lack of reasonable suspicion and probable cause. She argues that a preliminary breath test (PBT), requested by her probation agent but actually administered by a police officer, was an unlawful police search and, therefore, the test result and all fruits derived from it should

have been suppressed. Devries concedes that if the administration of the PBT was a probation search, and not a police search, it was lawful. Because we conclude that the administration of the PBT was a probation search, we affirm.

## BACKGROUND

¶ 2.    City of Elkhorn Police Officer Roger Person was the only witness to testify at the hearing on Devries's motions to suppress. The relevant portions of his undisputed testimony are as follows. On April 1, 2009, Devries met with her probation agent at the probation office. After detecting an odor of alcohol emanating from Devries, the agent requested that a law enforcement officer come to the probation office to administer a PBT to her.[1] In response, Person arrived at the probation office, where the agent informed Person that "[t]hey wanted to get a PBT because they detected an odor of alcohol" related to Devries. Person administered the PBT to Devries in the office, and the result indicated a blood alcohol concentration (BAC) of .128 percent. Person showed the PBT result to the agent, who then placed a probation hold on Devries and informed Person that Devries had driven to the probation office. Person previously had not been aware Devries had driven and, prior to being informed of this, had not been investigating her for possible intoxicated driving. Subsequent investigation by Person led to

---

[1] Officer Person testified that the agent contacted police to perform the test either because the PBT at the probation office was not working at the time or because Devries was being uncooperative about giving a breath sample. Neither Devries nor the State suggest that the reason the agent sought police assistance is material to our analysis.

Devries's arrest and sixth offense OWI conviction. Additional facts are set forth as necessary.

## DISCUSSION

¶ 3. Whether a search is a police or a probation search is a question of constitutional fact which "requires a conclusion based on an analysis of all the facts surrounding the search." *State v. Hajicek*, 2001 WI 3, ¶¶ 14, 23, 240 Wis. 2d 349, 620 N.W.2d 781. We review the circuit court's findings of historical fact under the clearly erroneous standard; we review de novo the court's determination of constitutional fact. *See id.*, ¶ 15. Considering the totality of the undisputed facts surrounding the administration of the PBT to Devries, we conclude this was a probation search.

¶ 4. Devries's only challenge on appeal is that the administration of the PBT by Person was an unlawful police search, as opposed to a probation search.[2] She contends this was a police search because the PBT was directly administered by a police officer and the agent "was not involved in the search." Devries further argues that this was a police search because WIS. ADMIN. CODE § DOC 328.21(4)(a) (Dec. 2006) authorizes "[a]ny trained field staff member" to conduct a breath test, but

_____

[2] Devries argues that, at the time Person administered the PBT to her, he did not have the probable cause necessary to justify doing so as a police search. Because we conclude this was not a police search, we do not address this issue. Further, Devries concedes that if we conclude the administration of the PBT was a probation search, as we do, Devries's agent had the reasonable grounds necessary to justify the search. *See* WIS. ADMIN. CODE § DOC 328.21(4) & (7) (Dec. 2006).

"says nothing about police conducting probation searches on behalf of probation agents."[3]

¶ 5. These factors do not convince us that the administration of the PBT to Devries was a police search. The probation agent initiated the search, which was conducted at the probation office, and the officer's only role was to assist with the actual administration of the PBT. The agent contacted the police and requested assistance with a PBT because the agent detected an odor of alcohol coming from Devries during their probation meeting. Officer Person responded, knowing only that the agent needed him to administer a PBT. After administering the PBT, Person showed the result to the agent, who then placed a probation hold on Devries. It was not until *after* Person administered the PBT to Devries that he was informed Devries had driven to the office, giving Person for the first time reason to suspect Devries may have committed a law violation and prompting his subsequent police investigation for OWI. Thus, not only did Devries's agent initiate the search, but, as the State points out, there is no evidence the officer had any purpose for his initial involvement other than to assist the agent in conduct-

---

[3] Devries also contends this was a police search because her agent did not comply with administrative rules requiring the agent to inform Devries of what would happen if she did not cooperate with the PBT, assess a fee against Devries for the cost of the PBT, and create a report related to the test. *See* WIS. ADMIN. CODE § DOC 328.21(4) & (6) (Dec. 2006). Devries cites nothing in the record supporting her allegation that her agent failed to comply with these administrative rules, and there was no testimony regarding this issue at the evidentiary hearing. Because we will not consider arguments unsupported by references to the record, *Lechner v. Scharrer*, 145 Wis. 2d 667, 676, 429 N.W.2d 491 (Ct. App. 1988), we address this issue no further.

ing the probation investigation. Contrary to Devries's contention, other than the actual administration of the PBT, her agent was involved in the search in every way.

¶ 6. Devries cites to several cases concerning probation searches in which law enforcement personnel were involved: *Hajicek*, 240 Wis. 2d 349; *State v. Griffin*, 131 Wis. 2d 41, 388 N.W.2d 535 (1986), *aff'd, Griffin v. Wisconsin*, 483 U.S. 868 (1987); *State v. Jones*, 2008 WI App 154, 314 Wis. 2d 408, 762 N.W.2d 106; and *State v. Wheat*, 2002 WI App 153, 256 Wis. 2d 270, 647 N.W.2d 441. She contends the searches in these cases were not deemed police searches because the police were only present to provide protection while probation agents actually conducted the searches.

¶ 7. While Devries is correct that these cases conclude that the challenged searches were probation searches in large part because the primary role of the police in each case was to ensure safety during the search, the cases do not suggest that a search which is done at the request and on behalf of a probation agent, but is physically performed by a police officer, is *per se* a police search. None of the cited cases involved a law enforcement officer executing a search at the request and on behalf of a probation agent, which are the facts we address here. Here, the PBT was administered for no independent police purpose, but was instead a limited search executed at the request and on behalf of the probation agent, during a probation meeting in the probation office, and for probation purposes.

¶ 8. Person's undisputed testimony supports the circuit court's conclusion at the evidentiary hearing that Person was at the probation office to conduct the PBT "because the probation agent called for him to be of assistance, not because this was a police stop, not because this was a police investigation." Considering

731

the totality of the circumstances, as *Hajicek* instructs us to do, it is evident that at the time he administered the PBT to Devries, Person was merely assisting Devries's agent with a probation search and was not independently conducting a police investigation or search.

¶ 9.    Because we conclude that the evidence procured from the PBT administered to Devries was obtained during a probation search, her contention that the test result and any fruits derived from it must be suppressed as an unlawful police search fails. Since that is her only challenge to the evidence and her conviction, we affirm.

   *By the Court.*—Judgment affirmed.