STATE of Wisconsin, Plaintiff-Appellant,

v.

Richard L. KELLER, Defendant-Respondent.†

Court of Appeals

*No. 2016AP500–CR. Submitted on briefs December 22, 2016.
—Decided February 8, 2017.*

2017 WI App 19

(Also reported in 893 N.W.2d 276.)

† Petition for Review filed.

Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

¶ 1. REILLY, P.J. The State appeals the finding that the search of Richard L. Keller's computer was a police search rather than a probationary search. As the search was administered and executed for probation purposes at the request of and on behalf of the probation agent and as the Division of Criminal Investigation (DCI) analyst was not independently conducting a police investigation or search, we reverse.

*Facts*

¶ 2. Keller was on probation in July 2013 for an arson conviction. Given Keller's earlier conviction for possession of child pornography, one of his rules of probation was that "[y]ou shall not purchase, possess, nor use a computer, software, hardware, nor modem without prior agent approval." The rules also precluded Keller from committing an illegal act. On July 25, 2013, Keller's probation agent made a scheduled visit to Keller's Farmington, Wisconsin, home and observed a locked room off the kitchen. Keller told the agent the room was his wife's office where she kept her computer equipment. Keller opened the locked door, and the agent observed computer equipment. At an August 8, 2013 office visit, Keller advised the agent that his Farmington home was going to be listed for sale and that his wife and children were already living in Kewaskum. Keller could not live with his family in Kewaskum due to his sex offender status.

¶ 3. On August 13, 2013, Keller missed a scheduled appointment with his agent. On August 20, 2013, Keller's wife told the agent that she had all of her computer equipment in Kewaskum. The agent made

an unscheduled visit to Keller's Farmington home the same day and observed two modems with blinking lights, computers, a tower, a laptop, and a large screen on a wall. Keller told the agent that he did not think the computers worked but that he did use the laptop the previous day. Computer equipment was also discovered in the basement. The agent seized the computers and Keller was placed in custody for violating his rules of probation, namely having a computer without approval.

¶ 4. The agent took the seized computer equipment to her office and secured it. Neither the agent, nor anyone in her office, had the requisite knowledge to search Keller's computer equipment. The agent contacted DCI for assistance and arrangements were made for a DCI forensic analyst to assist the agent in examining the contents of the computer equipment.

¶ 5. The agent took the computer equipment to the DCI analyst on September 5, 2013, and instructed the analyst that she would be present throughout the search and that she would order the search stopped if any illegal image was observed. When the analyst discovered an image that appeared to be child pornography, the agent ordered the analyst to cease the search and returned to her office with all of Keller's computer equipment.

¶ 6. The agent referred the matter to the Washington County Sheriff's Department who obtained a search warrant for Keller's computer equipment, which led to the discovery of images of child pornography. Keller moved to suppress all evidence obtained, arguing the search by the DCI analyst was illegal. The circuit court found the search to be a police search and suppressed all evidence obtained from Keller's computer equipment. The circuit court was not concerned

with the seizure of Keller's computer equipment as the court found the computer equipment was clearly contraband, but the court was troubled by the use of the DCI analyst and the lack of direction to the analyst as to the scope of the search. The court also commented that the agent made no attempt to search the computers on her own. The state appeals.

*Standard of Review*

¶ 7. "Whether a search is a police or a probation search is a question of constitutional fact which 'requires a conclusion based on an analysis of all the facts surrounding the search.' " *State v. Devries*, 2012 WI App 119, ¶ 3, 344 Wis. 2d 726, 824 N.W.2d 913 (quoting *State v. Hajicek*, 2001 WI 3, ¶ 23, 240 Wis. 2d 349, 620 N.W.2d 781). A circuit court's findings of historical fact are examined under the clearly erroneous standard while the court's finding of constitutionality is reviewed de novo. *Hajicek*, 240 Wis. 2d 349, ¶ 15. A probation search is reasonable if a probation officer has "reasonable grounds" to believe that a probationer has contraband. *Id.*, ¶ 3. A search done by a police officer at the request and behalf of a probation agent is not *per se* a police search. *Devries*, 344 Wis. 2d 726, ¶ 7.

*The Search of Keller's Computer*
*was a Probationary Search*

¶ 8. The issue in this case runs parallel to those in *State v. Purtell*, 2014 WI 101, 358 Wis. 2d 212, 851 N.W.2d 417, and *Devries*. In *Purtell*, the issue was whether the warrantless search of the *contents* of a computer lawfully seized by a probation agent violated

the Fourth Amendment. *Purtell*, 358 Wis. 2d 212, ¶ 33. In *Devries*, the issue was whether the involvement of police in a probationary search violates the Fourth Amendment. *Devries*, 344 Wis. 2d 726, ¶¶ 4–5. The facts before us involve both concepts: a law enforcement analyst assisting a probation agent in the warrantless search of the *contents* of a computer lawfully seized by a probation agent.

¶ 9. There is no dispute that Keller's computers were contraband and were lawfully seized without a warrant. The court stated that while the agent had valid suspicions that child pornography was on Keller's computer, the agent was on a "fishing expedition":

> I am not aware of any case anywhere in the entire United States where this fact scenario has occurred where an agent has basically made no attempt to search the computer herself, and has said, let's call up the criminal investigative unit and have their people do a forensic examination of a computer specifically looking for child porn, when that specific type of analysis is not directly relevant to the issue of whether the computer is being used or not. That's the rule violation: did he use it or didn't he. Of course he admitted he used it.

■■■■

¶ 10. We disagree with the circuit court's premise that the only relevant issue was whether Keller "used" a computer. Given the nature of probation, a probation agent has a duty to determine whether a probationer is complying with the terms of his probation. *See State v. Griffin*, 131 Wis. 2d 41, 55, 388 N.W.2d 535 (1986). Probation, by its very nature, "places limitations on the liberty and privacy rights of probationers," and these limitations provide an exception to the warrant requirement for searches of a

probationer's home and property by a probation agent. *Id.* at 45–46. What is an unreasonable search for a probationer differs from what is unreasonable for a law-abiding citizen. *Purtell*, 358 Wis. 2d 212, ¶ 22. If a probation agent has "reasonable grounds" to believe that a probationer has contraband, the agent may conduct a warrantless search. *Id.*, ¶ 26. Contraband is any item "which the offender may not possess under the rules or conditions of the offender's custody or supervision" and "whose possession is forbidden by law." Wis. Admin. Code § DOC 328.03(13) (Feb. 2017).

¶ 11. In *Purtell*, Purtell pled guilty to two felony counts of mistreating animals in 2006 and was placed on probation. *Id.*, ¶¶ 4–5. Given that police had discovered sexually inappropriate images on Purtell's computer during their investigation, Purtell had a probation rule that he "not purchase, possess, nor use a computer, software, hardware, nor a modem without prior agent approval." *Id.*, ¶¶ 4, 6. Purtell's probation agent was informed in April 2007 that Purtell had possession of computers. *Id.*, ¶¶ 11–12. The agent performed a warrantless search of Purtell's home, resulting in the seizure of computer equipment. *Id.*

¶ 12. The agent brought Purtell's computer back to her office and searched it without a warrant. *Id.*, ¶ 14. The agent observed images of underage females engaged in sexual activity. *Id.* The agent notified law enforcement who obtained search warrants that resulted in eight criminal charges of possession of child pornography. *Id.* Purtell moved to suppress the evidence seized from his computers, arguing that while there were "reasonable grounds" to seize his computer as it was "contraband," the agent's warrantless search of the *contents* of his computer constituted an indepen-

dent governmental search that violated his Fourth Amendment privacy interests. *Id.*, ¶¶ 15, 27.

¶ 13. Our supreme court concluded that the search of the contents of Purtell's computer was permissible as the agent had reasonable grounds to believe the computers contained contraband. *Id.*, ¶ 20. The court concluded that "it is difficult to imagine a scenario where a probation agent would lack reasonable grounds to search an item the probationer is explicitly prohibited from possessing." *Id.*, ¶ 28. A critical fact was that the computer itself was contraband. "[W]hen a condition of probation prohibits the possession of a certain item, and the subject of the search knowingly breaks that condition, in most situations a probation agent would presumably have reasonable grounds to search the contents of the item." *Id.*, ¶ 30. The court found that Purtell's agent was justified in ascertaining the "extent" of Purtell's probation violation by ascertaining whether Purtell had not only possessed the computer, but also used the computer, and if so, the degree of his use. *Id.*, ¶ 32.

¶ 14. *Purtell* tells us that as long as there are "reasonable grounds" to believe a probationer has contraband, a probation agent will almost always have the right to search the contraband itself without a warrant. The special need for ensuring that probationers are rehabilitated and that the public is protected creates an exception to the warrant or probable cause requirement for reasonable searches. *Hajicek*, 240 Wis. 2d 349, ¶ 36. While ordinary citizens have a legitimate expectation of privacy in the contents of their electronic devices, that expectation is "undercut" when the electronic device is contraband. *Purtell*, 358 Wis. 2d 212, ¶ 28; *see also United States v. Skinner*, 690 F.3d 772, 785 (6th Cir. 2012) (noting that "courts

have declined to recognize a 'legitimate' expectation of privacy in contraband and other items the possession of which are themselves illegal, such as drugs and stolen property"). When a condition of probation prohibits the possession of an item, and the probationer knowingly breaks that condition, "in most situations" a probation agent would "presumably" have "reasonable grounds" to search the contents of the item.[1] *Purtell*, 358 Wis. 2d 212, ¶ 30. Moreover, given Keller's possession and admitted use of a computer at the house in violation of the probationary rules, his prior conviction for possession of child pornography provided reasonable grounds to search the contents for further illegal use of the computer in violation of the rules.

¶ 15. In *Devries*, we addressed whether a probation agent who requested police assistance in performing a search transformed the probationary search into an illegal police search. *Devries*, 344 Wis. 2d 726, ¶ 4. The facts of *Devries* are straightforward. Devries met with her probation agent who detected an odor of intoxicants emanating from Devries. *Id.*, ¶ 2. The agent requested a law enforcement officer to administer a preliminary breath test (PBT) to Devries. *Id.* A police officer performed a PBT, which revealed a blood alcohol concentration (BAC) of .128. *Id.* The agent placed Devries in custody and told the police officer that Devries had driven to her office. *Id.* The officer

---

[1] The State alternatively argues that Keller had no expectation of privacy in the computer found in his possession as he was prohibited from possessing or using a computer by the terms of his probation. We decline to entertain this argument as we conclude that the search of Keller's computer equipment was a probationary search. The *Purtell* court had an opportunity to make a bright-line rule on this issue and did not do so. *See State v. Purtell*, 2014 WI 101, ¶ 28, 358 Wis. 2d 212, 851 N.W.2d 417.

performed further investigation which resulted in Devries' arrest for sixth offense operating a motor vehicle while intoxicated. *Id.* Devries brought a motion to suppress on the grounds that a police search occurred and therefore the PBT and all evidence flowing from it should be suppressed. *Id.*, ¶ 1. The circuit court denied the motion. *Id.*

¶ 16. We affirmed as Devries' probation agent initiated the search and the police officer's only purpose for his initial involvement was to assist the agent in conducting the probation investigation. *Id.*, ¶ 5. We found, based upon the historical facts in the record, that the PBT was administered for no independent police purpose but instead was a limited search executed at the request and on behalf of the probation agent for probation purposes. *Id.*, ¶ 7.

■■■■■

¶ 17. Applying *Purtell* and *Devries* to our facts leads us to conclude that the search of Keller's computer was a probationary search. As noted in *Purtell,* an agent has the authority to examine not only whether a probationer has contraband but also has the right to determine the "extent" of the violation. *Purtell,* 358 Wis. 2d 212, ¶ 32. Keller's probation agent lawfully seized contraband from Keller but did not have the ability to examine the contents of the contraband. The agent requested the assistance of an analyst at DCI, independent from any law enforcement investigation, so as to examine the contents of Keller's computer. Just as the agent in *Devries* did not have the ability to administer the test to determine Devries' BAC, the agent here did not have the ability to forensically examine the extent of Keller's use of the computer. Based upon the rationale set forth in *Purtell*

335

and *Devries*, we respectfully disagree with the circuit court's conclusion that the search was a police search.

## Conclusion

¶ 18. Given the historical facts, we conclude that a warrant was not required for the probation agent to search the contents of Keller's computer utilizing the assistance of an analyst from DCI. The order suppressing the evidence is reversed.

*By the Court.*—Order reversed.